**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANDRES CONCEPCION,**

        **Plaintiff,**

**-vs-**                            **Case No. 6:12-cv-200-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

# Memorandum Opinion & Order

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **REVERSED and REMANDED**.

## I.    BACKGROUND

### A.    Procedural History

Plaintiff filed for a period of disability, DIB and SSI benefits on November 6, 2009[1]. R. 129-33. He alleged an onset of disability on June 1, 2008, due to pain in the leg, memory loss, panic

_____

[1] Plaintiff previously filed an application for SSDI and the May 14, 2009 denial on this claim was included in the administrative transcript. R. 64-66.

Case 6:12-cv-00200-DAB   Document 20   Filed 01/07/13   Page 2 of 12 PageID 511

attacks, and anxiety disorder. R. 59-63, 146, 152. His application was denied initially and upon reconsideration. R. 68-83. Plaintiff requested a hearing, which was held on May 16, 2011, before Administrative Law Judge Pamela Houston (hereinafter referred to as "ALJ"). R. 34-58. In a decision dated June 27, 2011, the ALJ found Plaintiff not disabled as defined under the Act through the date of her decision. R. 15-33. Plaintiff timely filed a Request for Review of the ALJ's decision, which the Appeals Council denied on January 19, 2012. R. 1-6. Plaintiff filed this action for judicial review on February 7, 2012. Doc. 1.

### B.     Medical History and Findings Summary

Plaintiff was born on December 25, 1961. R. 129. He testified he stopped going to school in the seventh grade and has a limited ability to read, write and speak English. R. 38-39, 180. He has past work experience as a receiving clerk and was self-employed in the construction business for a short period of time. R. 181.

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, sustained a gunshot wound at age 23 in the right groin area, and the bullet was not removed; he was also stabbed during a separate incident at age 23 on the right side near his liver. R. 23. Plaintiff testified that in 2007, he began to experience chronic pain in the right groin area where bullet fragments are lodged in his body and cannot be removed. R.23. Plaintiff complained of pain and weakness in his leg from the bullet fragments, and memory loss, panic attacks, and anxiety disorder. R. 59-63, 146, 152, 156, 180, 230. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from status post gunshot wound with residual leg pain and a depressive disorder with anxiety, which were "severe" medically determinable impairments, but were not impairments severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 20. In evaluating Plaintiff's mental impairments under the listings, she found Plaintiff had mild restriction of activities of daily living and social functioning

and moderate difficulties in concentration persistence and pace. R. 21. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform light work with certain environmental limitations, with only reading very simple, familiar information, avoidance of public oriented work, and interaction with coworker and supervisors limited to occasional. R.22. He should work generally at his own workstation with no exposure to extreme changes in temperature or exposure to vibrations, no working with dangerous moving machinery or at heights. R. 22. In addition, his work should be limited to simple and routine tasks to minimize changes in work structure. R.22-25.

Based upon Plaintiff's RFC, the ALJ determined that he could not perform past relevant work. R. 25. Considering Plaintiff's vocational profile and RFC, the ALJ applied the Medical-Vocational Guidelines (the grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2, and, based on the testimony of the vocational expert ("VE"), the ALJ concluded that Plaintiff could perform work existing in significant numbers in the national economy as a tagger, fruit cutter, or egg washer. R. 26. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. R. 27.

Plaintiff now asserts three points of error. First, he argues that the ALJ erred by failing to include all of his impairments in the residual functional capacity assessment at step four of the sequential evaluation process and the hypothetical question posed to the vocational expert at step five. Second, Plaintiff contends the ALJ erred in failing to comply with Social Security Ruling 00-4p because she did not inquire of the vocational expert whether there is a conflict between VE testimony and the Dictionary of Occupational Titles ("DOT") and, if so, resolve any conflicts. Third, he claims the ALJ erred by not ordering an updated consultative mental evaluation after Plaintiff separated from his wife. Because the Court finds that a new consultative mental examination for his depression and

anxiety should have been performed after Plaintiff's separation from his wife, and this issue is dispositive of the appeal, the decision of the Commissioner is **REVERSED** and **REMANDED**.

## II.     STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of

impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent his from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent his from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

## III.   ISSUES AND ANALYSIS

### A. Updated Consultative Mental Examination

Plaintiff argues that, although the ALJ found Plaintiff's depressive disorder with anxiety was a severe impairment, she erred in failing to order an undated consultative mental examination once she learned that Plaintiff was separated from his wife, relying on an outdated 2009 assessment. In a single paragraph, the Commissioner argues Plaintiff failed to show that the ALJ needed to obtain another consultative mental examination, and he failed to show that he was prejudiced by the development of the record, and the ALJ was "not required to go on a fishing expedition for evidence that might support Plaintiff's allegations." Doc. 19 at 14.

Joanna Vilar, Psy.D. performed a consultative psychological evaluation of Plaintiff at the request of the Office of Disability Determinations on May 7, 2009. R. 260-63. Plaintiff reported difficulty sleeping (struggles to fall asleep due to worrying and ruminating thoughts); difficulty concentrating and his mind "goes blank" (gets lost in the midst of conversations); is forgetful as he forgets to take his medication, forgets appointments, and will talk to someone on the phone and then forget whom he talked to; feeling restless (feels as if he cannot relax); is easily fatigued; and

irritability ("snaps out of nowhere" and gets upset easily). R. 260. He also reported not trusting people and experiencing nightmares in which people were chasing him. R. 260. Upon examination, Plaintiff was able to recall three words immediately and two of the three words five minutes later, but he was unable to recall the third word with semantic clues. R. 262. Dr. Vilar opined Plaintiff's prognosis was guarded and he was diagnosed with anxiety disorder not otherwise specified and pain disorder associated with both psychological factors and a general medical condition. R. 263.

Two non-examining state agency consultants reviewed the record and concurred with Dr. Vilar that Plaintiff suffered from anxiety disorder not otherwise specified. R. 270 (May 11, 2009); 347 (January 14, 2010). A third non-examining state agency consultant reviewed the record and believed Plaintiff suffered from anxiety disorder not otherwise specified and pain disorder associated with both psychological factors and a general medical condition. R. 383-84 (April 29, 2010). All three opined that Plaintiff was mildly limited in his ability to maintain concentration, persistence or pace; two consultants opined that he had no restriction in his activities of daily living and had no difficulties maintaining social functioning, while the third opined he had mild restrictions in these areas. R. 275, 352, 388. On February 1, 2010, Kenaday Medical Clinic gave Plaintiff a referral for a psychological consultation, noting he had been diagnosed with depression and anxiety.[2] R. 409.

At step 2, the ALJ found Plaintiff's depressive disorder with anxiety was a severe impairment because it caused "more than minimal limitation on the claimant's ability to engage in work related activity." R. 20. The ALJ cited many of the symptoms from Dr. Vilar's report, such Plaintiff's complaints of difficulty sleeping and concentrating; forgetting to take medication, appointments with whom he spoke on the telephone; restlessness; fatigue; and, irritability; as well as hyper-vigilance, because he does not trust other people due to the violence he was exposed to in adolescence and early

---

[2]Plaintiff's long-standing emotional/anxiety problems are also reflected in his educational records which report that, while a student in 1976, a school psychiatrist recommended that Plaintiff be placed "in a class for emotionally handicapped children." R. 411-29.

-6-

adulthood; and nightmares of being chased (he experienced during the prior year). R. 23. Dr. Vilar noted that "he is able to initiate and maintain friendships, though he stated he prefers to spend time mostly with his family. Social life is somewhat active with family members . . . Activities of daily living are inappropriate." R. 262. Her Prognosis and Recommendations for Plaintiff were:

> Although the claimant did not report any difficulties with mood or anxiety initially, his report of symptoms is consistent with an anxiety disorder. His current anxiety symptoms appear to be related to his pain as well as to his exposure to violent experiences as a teenager and a young adult. A diagnosis of Anxiety Disorder Not Otherwise Specified is indicated. In addition, the claimant reports experiencing significant pain that interferes with his functioning. This pain appears to be exacerbated by psychological factors (*i.e.*, anxiety). Therefore, a diagnosis of Pain Disorder Associated with Both Psychological Factors and a General Medical Condition is indicated.
>
> The evaluator recommends the following: The claimant requires assistance in securing medical insurance to obtain all needed medical services. The claimant would benefit from participation in individual therapy to address anxiety symptoms and to learn pain management techniques. If no remittance of symptoms occurs after therapy, then a referral for a psychiatric evaluation would be warranted to determine the appropriateness of psychotropic intervention.

R. 263. Dr. Vilar also noted that Plaintiff suffered from headaches and pain in his right side, including leg, groin, and back. R. 263. She assigned him a GAF of 59.

Plaintiff testified at the hearing on May 16, 2011 that his depression had worsened since separating from his wife R. 45. Based on this testimony from Plaintiff, the ALJ gave little weight to the opinions of the non-examining state agency psychological consultants because during the time since they rendered their opinions "the claimant has undergone personal changes including separation from his wife. This personal event has exasperated [sic] the claimant's depression symptoms and increase[d] his anxiety." R. 25. Yet, although the ALJ noted in her decision that Dr. Joanna Vilar's consultative mental evaluation in the medical record was conducted during that same time period – on May 7, 2009 – and two full years before the hearing, the ALJ did not also order a new consultative mental examination but apparently continued to rely on Dr. Vilar's out-of-date consultative

examination report. As such, the ALJ's decision was not based on substantial evidence and will be remanded for an updated consultative mental evaluation to assess Plaintiff's depressive disorder.

### B. Impairments in Concentration, Persistence and Pace

Plaintiff also argues that the ALJ erred in failing to include all of Plaintiff's impairments in his RFC and in the hypothetical to the VE. The Commissioner argues that the ALJ properly assessed Plaintiff's RFC and included the appropriate restrictions in the hypothetical.

The ALJ determined that Plaintiff's depressive disorder with anxiety was a severe impairment because it caused "more than minimal limitation on claimant's ability to engage in work related activity," and Plaintiff had moderate limitations maintaining concentration, persistence, or pace. R. 20-21. The ALJ assigned an RFC for light work, with the following additional restrictions:

> The claimant is capable of lifting 20 pounds occasionally and 10 pounds frequently; standing, walking and sitting for 6 hours in an 8-hour workday. The claimant is limited to occasional use of his right lower extremity for operation of foot controls; occasional climbing but never ladders, ropes or scaffolds; climbing 5 to 7 stairs at a time with hand rails and he may require the use of a cane for ambulation or balancing. *There should be no requirements to read or write anything more than very simple information that he is familiar with such as name, address, phone, date.* He should avoid public oriented work and any public interaction should be superficial, and interaction with coworkers, supervisors limited to occasional. He should work generally at his own workstation with no exposure to extreme changes in temperature or exposure to vibrations, no working with dangerous moving machinery or at heights. In addition, *his work should be limited to moderate noise levels and simple (tasks which are learned through a simple on the job demonstration or within 30 days), routine (tasks which are performed generally the same way or in a similar manner each time) tasks to minimize changes in work structure.*

R. 22 (emphasis added).

Plaintiff argues that, under *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1181 (11th Cir. 2011), once the ALJ determined that Plaintiff had a moderate limitation in maintaining concentration, persistence, and pace, the ALJ erred by omitting this restriction from the hypothetical to the VE. Plaintiff further argues that a limitation to "one to two step tasks" in the hypothetical

-8-

question posed to the VE does not adequately take into account deficiencies in pace.  Doc. 18 at 9 (citing *Ramirez v. Barnhart*, 372 F.3d at 554).  The ALJ asked in the hypothetical:

> Assume a hypothetical individual who can lift and carry twenty pounds occasionally, ten pounds frequently, sit, stand and walk for six out of eight hours with normal breaks, limited use of the right, lower extremity for foot controls and may require the use of a cane to ambulate or balance, no more than occasional climbing, but never ladders, ropes or scaffolds, and no climbing more than five to seven steps at a time and a railing must be available for use. There should be no requirements to read or write anything more than something simple and that the individual already knows such as their name, address, phone, date. No public oriented work and interaction with the public should be limited to superficial, interaction with coworkers and supervisors is limited to occasional. The individual should be able to work generally within their own work station with no concentrated exposure to temperature extremes or vibration. No working with dangerous, moving machinery or at heights, and the environmental noise should be limited to moderate. *Tasks to be performed should be limited to those that are simple, and I define those as the tasks that can be learned through a simple on-the-job demonstration or within thirty days. Routine tasks, which I'm defining as those that are performed generally the same way or in a similar manner each time to minimize changes in the work routine.*

R. 54-55 (emphasis added).  The VE testified that such a hypothetical individual could work as a tagger, fruit cutter, or egg washer.  R. 55.

Plaintiff contends it was error for the ALJ to omit any consideration of Plaintiff's moderate limitations in maintaining concentration, persistence or pace in the hypothetical question posed to the VE.  Plaintiff also argues that the ALJ also erred by failing to indicate that medical evidence suggested that his ability to work was not affected by this limitation, or otherwise account for the limitation in the hypothetical. Doc. 18 at 11 (citing *Winschel*, 631 F. 3d at 1181).

The Commissioner argues that the ALJ properly included Plaintiff's moderate limitations in concentration, persistence, and pace in the hypothetical by including limitations to "simple" and "routine" tasks, which, according to the Commissioner, the Eleventh Circuit has allowed as "adequately accounting" for a claimant's difficulty in maintaining concentration, persistence, or pace. Doc. 19 at 8 (citing *Jarrett v. Commissioner of Soc. Sec.*, No 10-13911, 2011 WL 1378108, *2 (11th Cir. Apr. 11, 2011) (unpublished) and *Kinnard v. Comm'r of Soc. Sec.*, No. 10-15227, 2011 WL

1849319 (11th Cir. May 17, 2011) (unpublished)). Notwithstanding that the cases on which the Commissioner relies are unpublished cases, which constitute persuasive and not binding authority[3] which do not modify the published decision of *Winschel*, the cited cases are easily distinguished. The ALJ's hypothetical in *Jarrett* asked the VE to assume an individual who could only "understand, remember, [and] carry-out simple . . . tasks and concentrate for brief periods of time." *Id.* The ALJ in this case did not propose *any* limitation on concentration in the hypothetical. R. 55. In *Kinnard*, the ALJ asked the VE to assume an individual who was mildly limited in "understanding, remembering, and executing complex instructions" and "mildly to moderately limited in making judgments on complex work-related decisions." Here, the ALJ limited the hypothetical to simple and routine tasks and failed to include a limitation on understanding or remembering complex instructions or judgments on complex decisions.

Moreover, in *Jarrett*, the Eleventh Circuit restated the portion of *Winschel* that holds "an ALJ's hypothetical restricting the claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence and pace *where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite concentration deficiencies.*" 2011 WL 1378108, *2 (citing *Winschel*, 631 F.3d at 1181). The Eleventh Circuit held that the ALJ had properly relied on medical evidence from the non-examining doctors reports opining that the plaintiff retained the ability to follow simple instructions and complete simple tasks in spite of limitations in concentration, persistence, and pace. *Id.* at *2. The Eleventh Circuit (panel) in *Jarrett* also went to some effort to distinguish *Winschel* and *Richter*, where, in both cases, the court had found a *lack* of medical evidence demonstrating that the claimant had the ability to perform tasks for the case before it, where such medical evidence existed. *Id.* at *3 n. 1; *see also Kinnard*, 2011 WL 1849319 at *1

---

[3] *See* 11th Cir. R. 36-2 and I.O.P. 6.

(affirming where the ALJ had relied on the medical evidence from a consultative psychologist and psychiatrist that claimant had fair concentration and could complete and make judgments about simple matters).

Here, the ALJ does not cite any medical evidence in support of the limitation in the hypothetical to routine and simple tasks. Moreover, the ALJ could not rely on the reports of the non-examining state agency consultants for medical evidence because she had discounted these opinions as being out of date since Plaintiff's separation from his wife had exacerbated his depression and anxiety (as discussed above). R. 25. The Commissioner does not specifically argue that the ALJ relied on any particular medical evidence[4], but argues that the ALJ could consider "Plaintiff's treatment history" pursuant to the Social Security Regulations and cites to portions of Dr. Vilar's report. Doc. 19 at 11. Because the Court has already determined that Dr. Vilar's consultative examination report is out of date and the case must be remanded for a new consultative examination, Dr. Vilar's out-dated report is not a proper basis for a limitation to "simple, routine" steps. The ALJ's failure to adequately include Plaintiff's limitations in concentration, persistence, and pace in his RFC and the hypothetical to the VE is error. On remand, the ALJ will include the appropriate mental limitations from the appropriate (updated) medical reports in any hypothetical to the VE.

To the extent Plaintiff argues the ALJ erred in failing to properly inquire whether there was a conflict between VE testimony and the Dictionary of Occupational Titles, the ALJ is instructed to elicit whether any conflict exists at any hearing on remand.

## IV.  CONCLUSION

For the reasons set forth above, the ALJ's decision is not consistent with the requirements of law and is not supported by substantial evidence. Accordingly, the Court **REVERSES and**

---

[4]The Commissioner does not argue any specific medical evidence, but cites page 25 of the record where the ALJ generally discussed the medical evidence. *See* Doc. 19 at 10.

**REMANDS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on January 4, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record